```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DERRICK THOMAS,                       )
                                      )   Civil Action
              Petitioner              )   No.  2003-CV-06273
                                      )
     vs.                              )
                                      )
FRANK TENNIS,                         )
THE DISTRICT ATTORNEY OF THE          )
COUNTY OF PHILADELPHIA and            )
THE ATTORNEY GENERAL OF THE           )
STATE OF PENNSYLVANIA,                )
                                      )
              Respondents             )
```

O R D E R

NOW, this 22nd day of March, 2009, upon consideration of the pro se petition for writ of habeas corpus, which petition was filed November 17, 2003; upon consideration of the Response to Petition for Writ of Habeas Corpus, which response was filed January 31, 2005; upon consideration of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport filed April 29, 2005; upon consideration of the Memorandum and Order of Magistrate Judge Rapoport filed September 15, 2005, which Memorandum and Order amended the April 29, 2005 Report and Recommendation; upon consideration of petitioner's Amended Objections, which objections were filed July 12, 2007; upon consideration of petitioner's Supplement to the Amended Objections filed July 30, 2007; upon consideration of the Response to Petitioner's Amended Objections and Supplemental Amended Objections to the Magistrate Judge's Report and Recommendation, which response was filed by respondents on

August 3, 2007; upon consideration of the 'Reply' to Respondents' Response to Petitioner's Amended & Supplemental Amended Objections to the Magistrate Judge's Report and Recommendation, which reply was filed by pro se petitioner on July 15, 2008; upon consideration of the Sur-reply to Reply to Respondents' Response to Petitioner's Amended Objections and Supplemental Amended Objections to the Magistrate Judge's Report and Recommendation, which sur-reply was filed July 17, 2008; it appearing that petitioner's objections to Magistrate Judge Rapoport's Report and Recommendation are either a restatement of the issues raised in his underlying petition for habeas corpus relief, or are an attempt to untimely amend his petition,[1] and are without merit; it further appearing after de novo review of this matter that Magistrate Judge Rapoport's Report and Recommendation filed April 29, 2005, as amended by his September 15, 2005 Memorandum

---

[1]   In his Amended Objections and Supplement to the Amended Objections, petitioner attempts to add additional claims not previously raised in his pro se petition for writ of habeas corpus filed November 17, 2003 and to add additional facts not contained in the original petition to subvert the conclusions of Magistrate Judge Rapoport in his Report and Recommendation.

In this regard, I agree with the arguments contained in the Response to Petitioner's Amended Objections and Supplemental Amended Objections to the Magistrate Judge's Report and Recommendation filed August 3, 2007.  Specifically, I conclude that the one-year period of limitations to file a habeas corpus petition under the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2244(d)) expired on January 11, 2004.  Petitioner's attempts to add additional claims (giving petitioner full benefit of the prisoner mailbox rule) were not filed until July 4, 2007 (Amended Objections) and July 7, 2007 (Supplement to the Amended Objections).

Thus, I conclude that any additional claims contained in either Amended Objections and Supplement to the Amended Objections are untimely by over three years.

and Order, correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

<u>IT IS ORDERED</u> that Magistrate Judge Rapoport's Report and Recommendation, as amended by the September 15, 2005 Memorandum and Order, is approved and adopted.

<u>IT IS FURTHER ORDERED</u> that petitioner's Amended Objections and Supplement to Amended Objections to Magistrate Judge Rapoport's Report and Recommendation are both overruled.[2]

<u>IT IS FURTHER ORDERED</u> that the pro se petition for habeas corpus relief is denied without a hearing.

---

[2] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).  Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  <u>Raddatz</u>, <u>supra</u>.

As noted above, I conclude that petitioner's objections and supplemental objections to Magistrate Judge Rapoport's Report and Recommendation, as amended by the September 15, 2005 Memorandum and Order, are either nothing more than a restatement of the underlying claims contained in his petition for habeas corpus or an attempt to untimely amend his petition.  Moreover, upon review of the Report and Recommendation and the September 15, 2005 Memorandum and Order, together with de novo review of this matter, I conclude that the Report and Recommendation, as amended, correctly determines the legal and factual issues raised by petitioner.

Accordingly, I approve and adopt Magistrate Judge Rapoport's Report and Recommendation, as amended, and overrule petitioner's objections to the Report and Recommendation.

IT IS FURTHER ORDERED that because petitioner fails to demonstrate either the denial of a constitutional right or that reasonable jurists would disagree with this court's disposition of his claims, a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:

/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge